UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60814-RUIZ/STRAUSS

**MARIA DECASO,**

    Plaintiff,

v.

**KILOLO KIJAKAZI,**
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [DE 15] and Defendant's Motion for Summary Judgment ("Defendant's Motion") [DE 16]. This case has been referred to me for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [DE 2]. I have reviewed both motions, the administrative record [DE 10], and all other filings in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that Plaintiff's Motion [DE 15] be **DENIED** and that Defendant's Motion [DE 16] be **GRANTED**.

**I.    BACKGROUND & PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits on October 23, 2019, alleging a disability onset date of October 18, 2019 ("Alleged Onset Date"). Tr. 21, 78, 94, 263-66. Plaintiff, who was born in 1961, was 58 years old on the Alleged Onset Date. She alleged disability on account of lymphedema (right arm and right leg), depression and anxiety, breast cancer, basal cell skin cancer, and endometrial cancer. Tr. 295.

Plaintiff's claim for benefits was denied initially and upon reconsideration. *See* Tr. 78-117. On September 8, 2021, Plaintiff appeared with counsel at a telephonic hearing before an Administrative Law Judge ("ALJ"); a vocational expert ("VE") also appeared and testified at the hearing. Tr. 39-77. On September 29, 2021, the ALJ issued her decision, finding that Plaintiff was not disabled under the Social Security Act (from the Alleged Onset Date through the date of the ALJ's decision). Tr. 21-31. On April 5, 2022, the Appeals Council denied Plaintiff's request for review, thereby leaving the ALJ's decision as the final decision of the Commissioner. Tr. 1-3. Consequently, on April 27, 2022, Plaintiff filed this action seeking judicial review of the Commissioner's decision.

## II.     STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, a court's role is limited. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's findings of fact must be affirmed if they are based upon "substantial evidence." *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is . . . such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). It "is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Id.* (quoting *Phillips*, 357 F.3d at 1240 n.8); *Bloodsworth*, 703 F.2d at 1239. In addition to determining whether the Commissioner's

factual findings are supported by substantial evidence, courts must determine whether the ALJ applied the correct legal standards. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III. DISCUSSION

#### A. THE SEQUENTIAL EVALUATION

A "disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In making a disability determination, "the ALJ must consider the evidence in its entirety, including: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant . . . and (4) the claimant's age, education, and work history." *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 262-63 (11th Cir. 2008) (quoting *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)); *see also Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982).

To arrive at a determination as to disability, the ALJ must undertake the sequential evaluation embodied in 20 C.F.R. § 404.1520. This process requires that the ALJ first determine whether the claimant is presently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, a finding of "no disability" is made.

If the claimant is not engaged in such work, then the ALJ must proceed to the second step and determine whether the claimant suffers from a "severe impairment." An impairment is severe if it significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If no severe impairment is found, then the ALJ will conclude that there is no disability; if a severe impairment is found, then the ALJ will proceed to the next step of the analysis. *See id.*

The third step requires the ALJ to determine whether the claimant's impairment meets or equals those listed in Appendix 1 of the Regulations. 20 C.F.R. § 404.1520(d). If so, the ALJ will find the claimant disabled without considering age, education, and work experience. *Id.* If not, the inquiry will proceed to the next stage.

Step four requires the ALJ to determine whether the claimant has the residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. § 404.1520(e). The Regulations define RFC as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). This determination takes into account "all of the relevant medical and other evidence," including the claimant's own testimony and the observations of others. 20 C.F.R. § 404.1545(a)(3). The ALJ must then compare the RFC with the physical and mental demands of the claimant's past relevant work to determine whether the claimant is still capable of performing that kind of work. If so, the claimant is found not disabled. 20 C.F.R. § 404.1520(f).

If the claimant establishes an inability to return to past relevant work, the inquiry turns to step five. "At step five the burden of going forward shifts to the [Commissioner] 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). If the Commissioner points to possible alternative employment, then the burden returns to the claimant to prove an inability to perform those jobs. *Id.* At this fifth and final step, the ALJ must resolve whether the claimant is actually capable of performing other work. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c).

To help evaluate whether sufficient jobs exist that can be performed given the claimant's age, education, and physical limitations, the Commissioner has promulgated Medical Vocational Guidelines. *See* 20 C.F.R. § 404, subpt. P, app. 2. The guidelines may apply "where a person is

4

not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. § 404.1569. The guidelines are composed of detailed grids and rules, which direct a finding of disabled or not disabled based on a claimant's RFC, age, education, and previous work experience. *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987).

Yet, the guidelines "do not cover all possible variations of factors" and are inapplicable "if one of the findings of fact about the person's vocational factors and [RFC] is not the same as the corresponding criterion of a rule." 20 C.F.R. § 404.1569. Therefore, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1242 (citation omitted). *See also Walker*, 826 F.2d at 1002-03; *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991). Nevertheless, in such situations, the guidelines may serve as a framework to determine whether sufficient jobs exist within a claimant's range of RFC. *Hargis*, 945 F.2d at 1490. However, the Commissioner may carry his or her burden through the use of a VE when exclusive reliance on the guidelines is not appropriate. *Chaney-Everett v. Astrue*, 839 F. Supp. 2d 1291, 1299 (S.D. Fla. 2012) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Walker*, 826 F.2d at 1003). A VE provides the ALJ with a realistic appraisal of the work that a claimant is capable of performing. *Id.* (citing *Walker*, 889 F.2d at 50).

B.  **ALJ'S APPLICATION OF THE SEQUENTIAL EVALUATION**

After considering the evidence, the ALJ found that Plaintiff was not disabled between the Alleged Onset Date and the date of the ALJ's decision. Tr. 30-31. Initially, the ALJ addressed certain preliminary issues and outlined in detail the five steps of the sequential evaluation. Tr. 21-

23. Then, addressing the first step in the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the Alleged Onset Date. Tr. 23.

Next, at step two, the ALJ found that Plaintiff had the severe impairments of history of breast cancer, endometrial cancer, and lymphedema. Tr. 23. The ALJ also discussed nonsevere impairments at step two, including Plaintiff's mental impairments, which the ALJ found were nonsevere. Tr. 24-25. As to Plaintiff's mental impairments, the ALJ found (at step two) that Plaintiff's "medically determinable mental impairments of anxiety and depression, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and [are] therefore nonsevere." Tr. 24. The ALJ noted that she considered the "paragraph B" criteria – the four broad areas of mental functioning – in making the foregoing finding. Tr. 24. She assessed no limitation in one area of mental functioning (understanding, remembering, or applying information) and mild limitations in the other three areas (interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself). Tr. 24.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25-26.

The ALJ next assessed Plaintiff's RFC, determining based on her consideration of the entire record that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) as follows: The claimant can lift and carry objects weighing up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; stand and/or walk up to 6 hours in an eight-hour workday and sit (with normal breaks) for a total of up to six hours per eight-hour workday. The claimant would have unlimited ability to push and pull, could frequently climb ramps and stairs, occasionally climb ladders and scaffolds, frequently balance, stoop, kneel, crouch, and crawl. The claimant could occasionally have exposure to temperature extremes, wetness, and humidity.

Tr. 26.  As part of this assessment, the ALJ noted that she considered all of Plaintiff's symptoms and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence.  Tr. 26.  Additionally, the ALJ stated that she considered the medical opinion evidence and prior administrative medical findings in accordance with 20 C.F.R. § 404.1520c.  Tr. 26.  She then proceeded to discuss the evidence of record in conjunction with discussing Plaintiff's RFC.  Tr. 26-30.

After assessing Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing her past relevant work as a receptionist and scheduling clerk.  Tr. 30.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 30-31.

## C. ANALYSIS

Plaintiff contends that "[t]he ALJ's RFC finding is not supported by substantial evidence because it fails to account for [Plaintiff's] medically determinable mental impairments that the ALJ deemed non-severe at step two of the sequential process." [DE 15] at 4.  As noted above, at step two the ALJ found, *inter alia*, that: (1) Plaintiff's medically determinable mental impairments of anxiety and depression are nonsevere; (2) Plaintiff has no limitation in one of the four broad areas of mental functioning; and (3) Plaintiff has a mild limitation in the other three mental functioning areas.  It is because Plaintiff's "medically determinable mental impairments caused no more than [a] 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area" that the ALJ found Plaintiff's mental impairments to be nonsevere.  Tr. 25 (citing 20 C.F.R. § 404.1520a(d)(1)).  In other words, the ALJ found at step two that Plaintiff's "medically determinable mental impairments of anxiety and depression, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and were

7

therefore nonsevere." Tr. 24; *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) ("An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." (quoting 20 C.F.R. § 404.1522(a))).

Nonetheless, step two only involves a "threshold" inquiry. *Schink*, 935 F.3d at 1265. It simply "'acts as a filter' to weed out claims where there are no severe impairments at all." *Bullard v. Comm'r, Soc. Sec. Admin.*, 752 F. App'x 753, 755 (11th Cir. 2018) (quoting and citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Here, because the ALJ found other severe impairments at step two – history of breast cancer, endometrial cancer, and lymphedema – the ALJ moved past step two (as opposed to finding Plaintiff not disabled at step two).

Once the ALJ reached the outset of step four, the time came to determine Plaintiff's RFC. The RFC inquiry is distinct from, and more detailed than, the "paragraph B" criteria analysis that is conducted at step two. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325 (11th Cir. 2021) ("The ALJ's analysis as to the Paragraph B criteria is part of steps two and three of the sequential analysis; it is distinct from the more detailed inquiry as to a claimant's RFC at step four." (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "At step four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence." *Id.* at 1320 (citing *Phillips*, 357 F.3d at 1238). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)).[1]

---

[1] *See also* SSR 96-8 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim.").

"The ALJ must also consider a claimant's medical condition taken as a whole." *Id.* at 1269 (citations omitted).

Plaintiff recognizes that the ALJ stated at step two that the ALJ "considered all of [Plaintiff's] medically determinable impairments, *including those that are not severe*, when assessing the claimant's [RFC]." Tr. 25 (emphasis added). Nonetheless, Plaintiff contends that the ALJ did not consider Plaintiff's mental impairments, which the ALJ found to be nonsevere at step two, when the ALJ formulated Plaintiff's RFC. However, the ALJ's decision demonstrates otherwise. After including a fairly thorough discussion of the "paragraph B" criteria and related evidence at step two, the ALJ built off of that discussion and expressly considered and discussed further evidence in the record regarding Plaintiff's mental impairments at step four. *See* Tr. 24-25, 28-29.

Nevertheless, Plaintiff insists that the ALJ should have incorporated limitations into Plaintiff's RFC to account for the three functional areas where the ALJ assessed "mild" limitations at step two: (1) interacting with others; (2) concentrating, persisting, or maintaining pace; and (3) adapting or managing oneself. As an example, Plaintiff contends that "the ALJ did not explain how Plaintiff's limited ability to concentrate impacted the ALJ's RFC determination." [DE 15] at 10. However, the ALJ expressly stated in her RFC discussion that Plaintiff can maintain attention and concentration. Specifically, despite finding Dr. Santos' opinion[2] to be "not entirely persuasive," the ALJ noted that certain aspects of the opinion, including that Plaintiff "can maintain attention and concentration," were consistent with the evidence. Tr. 28. The ALJ also noted that Plaintiff's activities, including, *inter alia*, reading and watching TV, as well as

---

[2] Selin Santos is a clinical psychologist who began treating Plaintiff in August 2020. Dr. Santos completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) regarding Plaintiff. *See* Tr. 2798-99.

9

Plaintiff's ability to manage funds, were further evidence of Plaintiff's ability to concentrate, persist, or maintain pace. Tr. 25, 28-29. Moreover, the ALJ found that the record did not mention any issues of distractibility. Tr. 25, 29. Based upon the foregoing, including the ALJ's finding that Plaintiff can maintain attention and concentration, it is evident that the ALJ determined, based on her review of the evidence and Plaintiff's medical condition as a whole, that no limitation for concentrating, persisiting, or maintaining pace needed to be incorporated into Plaintiff's RFC.

With respect to the other two areas where the ALJ assessed mild limitations at step two – interacting with others and adapting or managing oneself – the ALJ also made other findings demonstrating why she did not include further limitations in Plaintiff's RFC. For instance, the ALJ noted, *inter alia*, that Plaintiff: (1) is able to deal appropriately with authority and live with others; (2) had a good rapport with medical providers; (3) had good interactions with non-medical staff; (4) appeared comfortable during appointments; (5) has good ability in dealing with the general public; (6) can interact with supervisors; (7) can prepare meals; (8) can pay bills; and (9) can shop, drive, and read. Tr. 25, 28-29. *Cf. Buckwalter*, 5 F.4th at 1326 ("[H]er medical records indicated that, on nearly all her visits, Buckwalter was alert and fully oriented, polite and cooperative, and her judgment and insight were intact. These observations all bear on her ability to concentrate and work with others."). It is evident from the ALJ's RFC discussion that the ALJ discussed and considered evidence regarding not just Plaintiff's physical conditions (as Plaintiff contends), but Plaintiff's mental conditions as well.

It also bears stressing that the ALJ assessed nothing more than "mild" limitations when assessing the paragraph "B" criteria (and Plaintiff does not appear to contend that the ALJ's finding of "mild" limitations is not supported by substantial evidence). Notably, Defendant has pointed

to several district court cases in this circuit, *see* [DE 16] at 6 (collecting cases),[3] that have found that merely because "mild" limitations are assessed when evaluating the "paragraph B" criteria does not mean that an ALJ is required to incorporate mental limitations into a claimant's RFC. *See, e.g.*, *Chestang v. Comm'r of Soc. Sec.*, No. 8:21-CV-482-MRM, 2022 WL 4354849, at *8 (M.D. Fla. Sept. 20, 2022) (collecting cases) ("[P]ersuasive precedent demonstrates that ALJs are not obligated to include mental limitations in the RFC even when they find 'mild' limitations while completing a PRTF."). To be sure, had the ALJ assessed even "moderate" limitations when evaluating any of the "paragraph B" criteria, she may have had to incorporate some mental-related limitations into Plaintiff's RFC or at least be more explicit about why she did not do so. *Cf. Buckwalter*, 5 F.4th at 1325 ("[T]hough the analysis at steps two and three is less detailed, an ALJ is still required to account for a claimant's *moderate* limitation in the area of concentration, persistence, or pace in a hypothetical posed to the VE." (citing *Winschel*, 631 F.3d at 1180-81) (emphasis added)). But given that the ALJ assessed no more than "mild" limitations and that the ALJ's decision shows that she did consider and discuss Plaintiff's mental impairments and medical condition as a whole when formulating Plaintiff's RFC, the ALJ did not err. Thus, Plaintiff has failed to show that the ALJ's RFC determination is not supported by substantial evidence.[4]

---

[3] Plaintiff did not file a reply to Defendant's Motion/Answer Brief, and the time to file a reply has passed.

[4] A few final notes: (1) Plaintiff's RFC argument relies in part on her testimony regarding her subjective complaints, but the ALJ discounted Plaintiff's subjective complaints, and Plaintiff does not contend that the ALJ erred in evaluating Plaintiff's subjective complaints; (2) Plaintiff's RFC argument also relies in part on certain opinion evidence that the ALJ found to be unpersuasive, and Plaintiff does not contend that the ALJ erred in assessing the opinion evidence; and (3) while Plaintiff cites certain mental status findings to attempt to show that mental limitations should have been incorporated into her RFC, Defendant correctly notes that Plaintiff "selectively cite[d] mental status findings" while "neglect[ing] to note other unremarkable findings," including certain unremarkable findings noted by the ALJ, [DE 16] at 9 (citations omitted). As to this third point, I agree with Defendant that Plaintiff is effectively seeking to have the Court reweigh the evidence, which the Court cannot do under the applicable standard of review.

**CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **DENY** Plaintiff's Motion [DE 15], **GRANT** Defendant's Motion [DE 16], and **AFFIRM** the final decision of the Commissioner.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 30th day of December 2022.

Jared M. Strauss
United States Magistrate Judge