UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60814-RAR

**MARIA DECASO**,

    Plaintiff,

v.

**KILOLO KIJAKAZI**,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Strauss's Report and Recommendation, [ECF No. 17] ("Report"), filed on December 30, 2022. The Report recommends that the Court deny Plaintiff's Motion for Summary Judgment, [ECF No. 15] ("Plaintiff's Motion"), and grant Defendant's Motion for Summary Judgment, [ECF No. 16] ("Defendant's Motion"). *See* Report at 1. The Report properly notified Plaintiff of her right to object to Magistrate Judge Strauss's findings. *Id.* at 12. The time for objections has passed, and there are no objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, a district court must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections

have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error. Finding none, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 17], is **AFFIRMED AND ADOPTED**.
2. Plaintiff's Motion, [ECF No. 15], is **DENIED**.
3. Defendant's Motion, [ECF No. 16], is **GRANTED**.
4. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.
5. The Clerk is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**